# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

**CARLOS RAMOS** :
2705 Village Lane :
Silver Spring, MD 20906 :
 :
*On behalf of himself and* :
*all others similarly situated* :
 :
Plaintiffs, :
 :
v. : CASE NO.:
 :
**COLOSSAL CONTRACTORS INC.** :
15456 Old Columbia Pike, :
Burtonsville MD 20866 :
 :JURY TRIAL DEMANDED
 :
<u>SERVE RESIDENT AGENT</u>: :
Carlos A. Tabares :
18412 Paradise Cove Terrace, :
Olney, MD 20832 :
 :
**RAPHAEL NAVARRO** :
15456 Old Columbia Pike, :
Burtonsville MD 20866 :
 :
 :
Defendants. :

## COMPLAINT

Plaintiff Carlos Ramos ("Mr. Ramos"), by and through his undersigned counsel, and for himself and all others similarly situated, hereby files this Complaint against Colossal Contractors, Inc. ("Colossal"), and Raphael Navarro ("Mr. Navarro"), to recover unpaid back wages, overtime pay, liquidated damages, treble damages, reasonable attorney's fees and costs under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"); the Maryland Wage and Hour Law, Labor and Employment Article §§ 3-401 et seq, and the Maryland

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., and states as follows:

## INTRODUCTION

1. Mr. Ramos is a Maryland resident. He worked for defendants at construction sites in Maryland and Virginia. He has agreed to opt in to this action as shown by Exhibit A.

2. Colossal is a Maryland corporation doing regular business in Montgomery County, Maryland. Its primary business is construction contracting.

3. Mr. Navarro is a resident of Maryland.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, a federal statute.

5. Venue is proper in this District under 28 U.S.C. §1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTS

6. Mr. Navarro serves as the President and an Owner of Colossal. He is actively engaged in the management and direction of employees, including those employees who set the pay rate and hours of the Plaintiff (and those similarly situated), and possesses the authority and discretion to fix, adjust, and determine hours worked and amounts paid with respect to all of Colossal's employees. Mr. Navarro is authorized to issue checks on corporate accounts and has custody and control of employment records and is responsible for maintaining those records. At all times material herein, Mr. Navarro was an "employer" within the meaning of

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

the FLSA, 29 U.S.C. § 203(d), the MWHL MD Lab. and Empl. Section 3-401(b), and the MDWPCL MD Lab. and Empl. Section 3-501(b). Thus, Mr. Navarro and Colossal are jointly and individually liable under for damages to the Plaintiff.

7. Colossal operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00

8. Mr. Ramos (on behalf of himself and other similarly situated) brings this claim, under § 16(b) of the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, the Maryland Wage and Hour Law (MDWHL"), Maryland Code, Labor and Employment Article §§ 3-401 et seq., and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 et seq., to recover unpaid back wages, overtime pay, liquidated damages, pre and post-judgment interest, treble damages, reasonable attorney's fees and costs.

9. Mr. Ramos worked for defendants from Summer 2014 until April 2017 as a painter. He also provided other duties.

10. Defendants paid Mr. Ramos and others similarly situated varying hourly amounts, but did not pay overtime.   For example, attached as Exhibit B are several paystubs issued by Defendants.

11. In addition, Defendants did not pay Mr. Ramos and others similarly situation for all of the hours they worked.

12.  Mr. Ramos and other employees similarly situated regularly worked for defendants for more than 40 hours per week.

13.    Defendants did not pay Mr. Ramos, and others similarly situated, time and half for overtime.

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST. SUITE 520
ROCKVILLE, MARYLAND 20850
TELEPHONE 301/760-7914

14. Defendants did not pay Mr. Ramos, and others similarly situated, for all of the time they worked.

15. Defendants maintain a common policy or practice, which applies to all, or nearly all of its painters and construction employees in which Defendants do not pay the required overtime premium for hours worked over 40 in a week.

16. Defendants maintain a common policy or practice, which applies to all, or nearly all of its painters and construction employees in which Defendants do not pay employees for all of the hours they work.

17. Defendants were required by law to record the hours worked by Plaintiff. Defendants have, or should have, records sufficient to permit a calculation of the hours worked, and the overtime underpayments, for the Plaintiff, and others similarly situated.

18. At this time and prior to conducting discovery, Plaintiff does not have sufficient documents or information in his possession to calculate his unpaid overtime wages. Plaintiff reserves the right to offer appropriate calculations based wholly or in part upon information with the control of Defendants, and to request appropriate awards concerning Plaintiff, and others similarly situated, for whom it has not yet been practicable to offer a calculation of backpay due.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT
### (OVERTIME)

19. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

RUBIN EMPLOYMENT LAW
FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

20. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

21. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), Defendants were their "employers" under § 207(a)(2). Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

22. Plaintiff (and others similarly situated) worked overtime on a regular basis. Plaintiff was entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times his regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

23. Defendants did not pay Mr. Ramos, and others similarly situated, for all of the time they worked.

24. Defendants have failed and refused to compensate plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

## COUNT II
## VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

25. Plaintiff re-alleges and reasserts each and every allegation set forth above, as if each were set forth herein.

26. The Maryland Wage and Hour Law require each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage.

27. Plaintiff was an "employee" covered by the Maryland Wage and Hour Law.

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

5

28. Defendants were his "employers" under the Maryland Wage and Hour Law. Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff for overtime hours worked, at the overtime rate.

29. Plaintiff worked overtime on a regular basis. Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1 ½) times his regular rate of pay for hours worked in excess of forty (40) hours in a given work week.

30. Defendants did not pay Mr. Ramos, and others similarly situated, for all of the time they worked.

31. Defendants have failed and refused to compensate plaintiff (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the Maryland Wage and Hour Law was willful and intentional, and not in good faith. The Law allows Plaintiff to collect liquidated damages.

## COUNT III
## VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

32. Plaintiff adopts and incorporates by reference all averments in the foregoing paragraphs.

33. Defendants have failed and continue to fail to pay to Plaintiff promised and earned wages, which are due and owing to him.

34. Defendants did not pay Mr. Ramos for all of the time her worked.

35. Section 3-501(c) of MWPCL defines wages as including "overtime wages."

36. Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

37. Defendants violated Section 3-502 of the MWPCL by failing to pay plaintiff earned overtime wages on time.

38. Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

39. Defendants violated Section 3-505 by failing to pay Mr. Ramos his overtime wages at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law

40. The aforesaid actions and/or omissions of defendant are in contravention of the Maryland Wage Payment and Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-505.

41. The Court is permitted to award Plaintiff treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-507.2.

**<u>Prayer</u>**

Based on the foregoing allegations, Plaintiff respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees; and in support thereof, requests this Honorable Court to issue the following Orders:

(a)     Certify this action as a collective action pursuant to 29 U.S.C. § 216(b), issue an appropriate Notice to potential opt-in Plaintiffs who performed hourly work for defendants and were not paid overtime, and supervise the maintenance of this collective action;

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

(b) Order Defendants to pay Plaintiff and those similarly situated for all unpaid overtime payments determined by the Court to be due and owing to the Plaintiff and those similarly situated under the FLSA, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiff, for the three year preceding the filing of this lawsuit;

(c) Award plaintiff for all unpaid overtime wages in such amounts to be proved at trial and all other damages, including liquidated damages, authorized by the Maryland Wage and Hour Law;

(d) Award Plaintiff all unpaid wages, treble damages under Count III, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate;

(e) Award Plaintiff and those similarly situated their attorneys' fees and costs in pursuing this action;

(f) Award Plaintiffs and those similarly situated interest on any sums determined due and owing from Defendants; and

(g) Equitably tolling for the Collective effective the date of the filing of the instant Complaint.

(h) Allow leave to add additional plaintiffs by motion, the filing of written consents, or any other method approved by the court.

(i) Issue a declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., and attendant regulations at 29 C.F.R. §516 et seq.

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST.
SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914

(j) Issue a declaratory judgment that Defendants' wage practices alleged herein violate overtime compensation provisions of the Maryland Wage and Hour Law

(k) Issue an Order for injunctive relief ordering the Defendants to end all of the illegal wage practices alleged herein pursuant to FLSA, Maryland Wage and Hour Law, and related laws and regulations.

(l) Issue an Order directing Defendants, at their own expense, to investigate and account for the number of overtime hours actually worked by the Plaintiff and all putative collective and class members; and

(m) Award any and all other forms of relief the Court deems just and proper.

Respectfully submitted,

**RUBIN EMPLOYMENT LAW FIRM, PC**

_____/s/_____
James E. Rubin
11 North Washington Street, Suite 520
Rockville, MD 20850
Telephone: (301) 760-7914
Facsimile: (301) 838-0322
jrubin@rubinemploymentlaw.com

**JURY DEMAND**

Plaintiff demands a jury trial on all of the matter raised in the complaint.

_____/s/_____
James E. Rubin

RUBIN EMPLOYMENT LAW FIRM, P.C
11 NORTH WASHINGTON ST. SUITE 520
ROCKVILLE, MARYLAND 20850

TELEPHONE 301/760-7914